UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERMAINE BROWN,

v.                          Case No. 8:13-cv-1885-T-33EAJ
                                      8:09-cr-310-T-33EAJ
UNITED STATES OF AMERICA.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant
Jermaine Brown's Motion Under 28 U.S.C. § 2255 To Vacate, Set
Aside, or Correct Sentence by a Person in Federal Custody
(Doc. # 1), filed on July 22, 2013. On September 17, 2013,
the Government filed a Response in Opposition to the Motion.
(Doc. # 10). Brown then filed a Reply in support of his §
2255 Motion on December 2, 2013. (Doc. # 13). A review of the
record demonstrates that, for the following reasons, Brown's
Motion must be denied.

Furthermore, pursuant to Rule 8(a) of the Rules
Governing § 2255 Proceedings, this Court has determined that
an evidentiary hearing is not necessary for the adjudication
of this § 2255 Motion.  No hearing is required when the record
establishes conclusively that a § 2255 motion lacks merit.
United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir.
1984).  Furthermore, "A district court need not conduct an

evidentiary hearing 'where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous.'" <u>Pericles v. United States</u>, No. 12-14505, 2014 U.S. App. LEXIS 9767, at *11, n.4 (11th Cir. March 28, 2014)(citing <u>Aron v. United States</u>, 291 F.3d 708, 715 (11th Cir. 2002)).

<b><u>PROCEDURAL HISTORY</u></b>

On July 8, 2009, a grand jury returned an indictment against Brown for conspiring "to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine" in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(B). (CR Doc. # 1). Pursuant to a written plea agreement (CR Doc. # 34), Brown pled guilty to this count before Magistrate Judge Elizabeth A. Jenkins on November 3, 2009 (CR Doc. # 37).

In his plea agreement, Brown agreed to plead guilty to conspiring to possess with intent to distribute 500 or more grams of cocaine. (CR Doc. # 34). The United States, in turn, agreed, among other things, not to charge Brown with committing any other federal criminal offense related to the conduct giving rise to the plea agreement; to recommend a guidelines-range sentence; and not to oppose Brown's request

for a sentence at the low end of the guidelines-range. (Id.). On November 11, 2009, this Court accepted Brown's guilty plea and adjudicated him guilty as to count one of the indictment. (CR Doc. # 45).

The United States Probation Office prepared a Presentence Report recommending that Brown's offense level be established at 34. (PSR at ¶ 27). That level reflected the Probation Office's determination that Brown qualified as a career offender, pursuant to U.S.S.G. § 4B1.1, based on two state felony convictions: "Conspiracy to Distribute Heroin," in New Jersey, and "Resisting Arrest with Violence,"[1] in Florida. (Id.). The offense level was then reduced by 3 levels, pursuant to § 3E1.1(a) and (b), to account for Brown's acceptance of responsibility, resulting in a total recommended offense level of 31. (Id. at ¶¶ 27-29). With a criminal history category of VI (Id. at ¶ 41), Brown's applicable guidelines range was 188 to 235 months (Id. at ¶ 77).

---

[1] The initial PSR included "Battery on a Law Enforcement Officer" as a predicate conviction for Brown's career offender status. However, in response to Brown's objection, the Battery conviction was removed as a qualifying conviction. Instead, a subsequent version of the PSR used the second count in that case – Resisting an Officer with Violence – as a qualifying offense to establish Brown's career offender status. (See PSR at ¶ 27).

Brown's counsel – Assistant Federal Public Defender Maria Guzman – subsequently filed a sentencing memorandum arguing that Brown's prior Florida conviction for resisting an officer with violence, in violation of Fla. Stat. § 843.01, did not qualify as a "crime of violence" for purposes of the career offender guideline. (CR Doc. # 140). The description of the offense in the PSR provides:

> On September 27, 2001, the defendant was told to leave a business for fighting. Police officers observed the defendant being disorderly and told him to leave or he would be arrested. The defendant would not cooperate. Officers attempted to place him under arrest, and the defendant resisted, and punched a deputy. No other information on the violations of probation was available.

(PSR at ¶ 38). In the sentencing memorandum, Ms. Guzman challenged that offense description:

> Mr. Brown provided the United States Probation Office and the Assistant United States Attorney, Jim Preston, with a transcript of the sentencing hearing for the state resisting case several months ago. The officer involved in the case, Keith Stubbs, testified on BEHALF of Mr. Brown, indicating that jail time was not a reasonable sentence and that Mr. Brown had been intoxicated at the time of arrest. There is no mention in the transcript of Mr. Brown ever physically attacking or using force against Officer Stubbs. It appeared to be an incident where Mr. Brown was intoxicated at a club, and Officer Stubbs was responsible for removing him from the premises.

(See CR Doc. # 140 at 2) (emphasis in original). During the sentencing hearing, Ms. Guzman argued that the PSR

4

mischaracterized the "factual basis" of this prior offense, maintaining that Brown did not "punch the deputy." (CR Doc. # 154 at 4-5). Based on the Charging Affidavit that the arresting officer completed at the time of the incident, this Court overruled the factual objection. (Id. at 6-10). Ms. Guzman then reiterated the legal argument that the resisting arrest with violence conviction is not a qualifying prior conviction for career offender purposes, because "you don't necessarily need actual force." (Id. at 14-16, 19-20). However, relying on the Eleventh Circuit's decision in United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010), cert. denied, 132 S.Ct. 258 (2011), this Court overruled that objection as well. (CR Doc. # 154 at 20-23).

The Government moved this Court to grant Brown a two-level offense reduction pursuant to U.S.S.G. § 5K1.1, in recognition of the substantial assistance that Brown had provided. (CR Doc. # 154 at 27-28). This Court granted the motion, which reduced Brown's offense level to 29 and his guidelines range to 151 to 188 months' imprisonment. (Id. at 28-29). Ms. Guzman argued in mitigation of Brown's sentence and requested that this Court depart below that guidelines-range to the statutory minimum of five years' imprisonment. (Id. at 31-36, 44-45, 50-52). Toward that end, several family

members and a family friend testified on Brown's behalf, and this Court received and read supportive letters from Brown's neighbors. (Id. at 36-44). Further, Brown himself addressed the Court, repeatedly stating that he was not culpable, but had been "gullible." (Id. at 45-50).

In light of Brown's repeated assertions that he was not guilty of the charged drug offense, the Government suggested that this Court allow Brown to withdraw his guilty plea if he wished to do so. (Id. at 54). The Court then advised Brown that, if he chose to proceed with the hearing, this Court would sentence him to 151 months' imprisonment (Id. at 55). After providing Brown an opportunity to consult with Ms. Guzman and his family, the Court ultimately granted Brown a two-week recess to allow him to fully consider and weigh his options. (Id. at 56-63).

When the parties reconvened two weeks later – on February 24, 2011 – Brown advised this Court that he did not wish to withdraw his guilty plea. (CR Doc. # 169 at 6-7). Ms. Guzman then renewed Brown's request for a downward variance. (Id. at 7-8). As it had earlier indicated it would do, this Court sentenced Brown to 151 months' imprisonment and five years of supervised release. (Id. at 9).

Brown appealed his sentence by challenging his career offender determination. (CR Doc. # 147). The Eleventh Circuit affirmed Brown's judgment and sentence (CR Doc. # 184) and the Supreme Court denied Brown's petition for writ of certiorari (CR Doc. # 186); see <u>United States v. Brown</u>, 450 F. App'x 916 (11th Cir.), <u>cert. denied</u>, 133 S.Ct. 265 (2012). Brown timely filed the present § 2255 Motion. (CR Doc. # 187; Doc. # 1).

## COGNIZABILITY

Brown challenges his sentence as unconstitutional based on his receiving ineffective assistance of counsel. Ineffective assistance claims are generally cognizable under 28 U.S.C. § 2255.  See <u>Lynn v. United States</u>, 365 F.3d 1225, 1234 n. 17 (11th Cir. 2004)(ineffective assistance claims should be decided in § 2255 proceedings).

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

To prevail on a claim of ineffective assistance of trial or appellate counsel, a defendant must meet the two-part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Strickland</u>'s two-part test requires a defendant to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

7

have been different." Id. at 694. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component. Id. at 697.

## DISCUSSION OF BROWN'S CLAIMS[2]

As a threshold matter, Brown argues that his guilty plea was not entered knowingly or voluntarily. (See Doc. # 2 at 7). Brown also raises ineffective assistance of counsel claims pertaining to the application of the career offender guidelines during the plea and sentencing proceedings, and the appellate stage of his case. (Id. at 7, 15). The Court will first discuss the validity of Brown's guilty plea. The Court will then address Brown's ineffective assistance of counsel claim regarding the plea and sentencing stages. Finally, the Court will turn to Brown's argument that he

---

[2] Brown's Motion indicates that he has a post-conviction motion pending in state court, pursuant to Florida Rule of Criminal Procedure 3.850. He explains that the "issue asserted is the constitutionality of the same prior conviction used to trigger career offender treatment." (Doc. # 1 at 11). In the event that Brown's state court claim is successful, the Court notes that he will be able to bring another § 2255 motion, as the Eleventh Circuit has held "that a § 2255 motion arising from the vacatur or expungement of state convictions will *not* be considered 'second or successive' under AEDPA [Antiterrorism and Effective Death Penalty Act of 1996]." Darville v. United States, 447 F. App'x 94, 95 (11th Cir. 2011) (citing Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011)) (emphasis in original).

received ineffective assistance of counsel at the appellate stage.[3]

## I.  **Brown's Plea**

Brown's claim based on his guilty plea asserts that the plea itself is improper and counsel was ineffective. Specifically, Brown argues that his guilty plea was "not entered knowingly, voluntarily, nor with the advice of competent counsel" (Doc. # 2 at 7), explaining:

> Brown expressed to counsel that he wanted to proceed to trial, however, counsel told Brown that if he pled guilty, that she could successfully challenge the validity of the Battery on a Law Enforcement Officer, as being used as a predicate offense for career offender purposes. To this end, counsel assured Brown that if he plead [sic] guilty, that he would be sentenced to no more than 10 years.

(Id.). In support of this claim, Brown filed an affidavit, asserting that Ms. Guzman "assured [Brown] that, by pleading guilty and waiting on Johnson,[4] that [he] could not be

---

[3] Ground One of Brown's Motion states that "the waiver provision contained in the plea agreement is inapplicable to these proceedings." (Doc. # 1 at 5). However, without determining the applicability of this waiver provision, the Court finds that Brown does not present a meritorious § 2255 claim. Therefore, the Court declines to engage in the analysis of this ground.

[4] In Johnson v. United States, 130 S.Ct. 1265, 1271 (2010), the Supreme Court held that the Armed Career Criminal Act's elements clause requires force capable of causing physical pain or injury to another person in order for the conviction

sentenced as a Career Offender." (Doc. # 7 at 2). The affidavit further provides that "had [Brown] known that [he] could/would be treated as a Career Offender," Brown would not have pled guilty and would have proceeded to trial. (Id.).

A court accepting a guilty plea "must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (citing United States v. Jones, 143 F.3d 1417, 1418-19 (11th Cir. 1998) (per curiam)). A defendant's representations made during a plea hearing, along with the findings made by the court accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see United States v. Gonzalez-Mercado, 808 F.2d 796, 800-01 n.8 (11th Cir. 1987) (noting the strong presumption that statements made during a change of plea colloquy are true and that a defendant should not be permitted to circumvent the finality of a guilty plea).

---

to constitute a qualifying predicate offense for the sentencing enhancement.

During his plea hearing, Brown confirmed that he had previously discussed his charge with Ms. Guzman, understood the charge, and had no complaints with Ms. Guzman. (CR Doc. # 156 at 13, 23-24). Brown stated that he knew the rights he was waiving and the benefits he was receiving. (Id. at 25-27, 32, 37-38). Brown also provided that he understood the penalties he was subject to and how his sentence would be determined. (Id. at 33-36, 40-41).

At Brown's sentencing, however, this Court – at the Government's suggestion – provided Brown the option to withdraw his guilty plea in light of Brown's representation that he was not culpable. (See CR Doc. # 154 at 48-49). The Court noted the extraordinary circumstances and gave Brown even further guidance to inform his decision:

> [W]ell, I'll do one more thing that's unorthodox. I'll tell you what I'm going to sentence you to. And I'm going to sentence you to the bottom of the guidelines. I'm not departing. I'm going to give you 151 months. That's what I'm going to sentence you to.

(Id. at 55). At that point, the Court allowed Brown to take a recess to discuss his potential plea withdrawal with Ms. Guzman and his family. (Id. at 56). When the parties returned, it was evident that Brown was distressed and the Court – again at the Government's suggestion – stayed the proceeding for

two weeks to allow Brown to further consider his options and consult Ms. Guzman and his family. (Id. at 62). The Court again emphasized the rarity of Brown's opportunity and summarized the decision facing Brown:

> [T]his is the last bite of the apple, Mr. Brown. There are no more bites. You're either going to be sentenced to 151 months – and you have that appellate issue on whether that is a crime of violence or not which you can take up to the Eleventh Circuit . . . [o]r you can go to trial where you're looking at 360 months.

(Id. at 62-63).

At the subsequent sentencing hearing, Ms. Guzman provided an overview of her interim efforts to counsel Brown:

> I did meet with Mr. Brown at the office in Orlando and we have discussed the pros and cons of whatever his decision is going to be.
>
> I have advised him, so that I guess it's just clear on the record as to what my understanding is of what could or would happen, if he were to withdraw his plea, the government would likely, I believe, file an 851 enhancement which would increase his statutory minimum to ten years, his statutory maximum to life, which means that, of course, if he went to trial and was convicted the minimum would be ten, the maximum would be life.
>
> As to the guideline calculations, because it would be increased to a ten-year minimum mandatory, the guideline provisions would also be increased. So the guideline provisions at that point would put him at a 30 to life advisory range. I think that's where it is. And that's where there is a huge bump up on the issue of the guideline recommendations.
>
> Of course, there is still the issue of whether resisting with violence is a crime of violence and whether that will be revisited by the Court of

Appeals and could mean some relief for him on that particular issue.

I've explained to him that if he withdraws his plea he will still be represented by my office. That he would be represented by competent counsel by my office, most likely a senior federal public defender. Whether it was myself, since I'm not in Orlando, I'm not sure whether I would try the case or if not I'm sure that very competent counsel from my office would likely represent Mr. Brown at trial.

And I explained to him, again, that if he feels that he is not guilty of the charge, then he needs to plead not – withdraw his plea, profess his innocence and go to trial, but that is not a decision I can make for him.

I think I've explained to the best of my ability the pros and cons of whatever [decision] he makes. And as I indicated to him a few minutes ago the decision is really his. Whatever he decides to do my office and myself or other counsel in my office will continue to represent him vehemently, but ultimately the decision has to be his.

(CR Doc. # 169 at 4-6). Following Ms. Guzman's overview, Brown stated that he had decided that he would not withdraw his guilty plea. (Id. at 6). This Court then confirmed that statement. (Id. at 7), before allowing Brown to again address the Court (Id. at 8). At that point, Brown took the opportunity to "apologize to the Court for wasting everyone's time two weeks ago," noting that he "accept[s] full responsibility of [his] actions th[r]ough[ou]t [his] whole life." (Id.). In light of the opportunities and information Brown was provided, as evidenced by the record, this Court

finds that Brown's guilty plea was entered knowingly and voluntarily. See Moriarty, 429 F.3d at 1019.

Additionally, the record similarly provides no basis for Brown's argument that Ms. Guzman "advised Brown to plead guilty, and assured him that he could not be sentenced as a career criminal, after Johnson" or was otherwise ineffective (Doc. # 2 at 10).

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of Strickland remains the same in that the attorney's conduct must fall within the range of reasonable conduct. Hill, 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's

14

informed opinion as to the best course to be followed in protecting the interests of the client. Id.

The second prong of the Strickland test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Hill, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Id. The best way to evaluate whether there is a reasonable probability a defendant would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. Upshaw v. United States, No. 2:07-cv-111-FtM-33DNF, 2008 WL 638261 at *1 (M.D. Fla. Mar. 5, 2008) (citing Hill, 474 U.S. at 59).

Here, in the months leading up to Brown's sentencing, Ms. Guzman filed six motions to continue sentencing based on developments in Brown's case and the applicable case law. First, Ms. Guzman requested that this Court continue the sentencing hearing to allow Brown to cooperate with the Government, "as cooperation is a very important part of his

[plea] agreement." (CR Doc. # 97 at 2). Ms. Guzman requested a second continuance, noting that the "U.S. Probation Office is reviewing the law and facts to determine whether" Brown's designation as career offender was appropriate in light of Johnson. (CR Doc. # 109 at 2). In the third motion for continuance, Ms. Guzman pointed to the Eleventh Circuit's then-recent opinion in Harris,[5] noting that "it may have an impact on this case." (CR Doc. # 114). Ms. Guzman then filed another motion for continuance of Brown's sentencing again challenging Brown's designation as a career offender and explaining "that a 60-day continuance would be appropriate based on the evolving state of the law in this area at this point in time." (CR Doc. # 122 at 2).

Ms. Guzman then sought another continuance of 90 days because no published Eleventh Circuit authority existed and a petition for certiorari was pending before the Supreme Court on the Florida crime of resisting arrest with violence. (CR Doc. # 126). Ms. Guzman moved this Court to continue

---

[5] In United States v. Harris, the Eleventh Circuit revisited its original opinion in light of Johnson and considered whether the defendant's sexual battery conviction qualified as a violent felony under the Armed Career Criminal Act's residual clause. 505 F. App'x 552 (11th Cir. 2008), cert. granted, vacated, and remanded, 608 F.3d 1222, 1226 (11th Cir. 2010).

sentencing because "[t]his is a key issue at sentencing which equates to a ten (10) year difference at the time of sentencing." (Id. at 1). Ms. Guzman filed a final motion for continuance arguing that Brown's sentencing be stayed until after the Eleventh Circuit issued an opinion in Jackson.[6] (CR Doc. # 136). The Court denied this final request, and proceeded to sentencing as scheduled.

In preparation for Brown's sentencing, Ms. Guzman filed a sentencing memorandum maintaining her opposition to Brown's designation as a career offender. (See CR Doc. # 140). She explained that the most recent PSR did not use Brown's prior conviction for Battery on a Law Enforcement Officer as a qualifying offense under the career offender guideline. However, she noted that "the United States Probation Officer takes the position that Mr. Brown's second count in that case, Resisting An Officer With Violence [in violation of Fla. Stat. § 843.01], is a qualifying offense." (Id. at 1). Ms. Guzman

---

[6] In United States v. Jackson, the Eleventh Circuit revisited its original opinion in light of the Supreme Court's decision in Johnson. 355 F. App'x 297 (11th Cir. 2009), cert. granted, vacated, and remanded, 440 F. App'x 857, 858 (11th Cir. 2011) (per curiam). The Eleventh Circuit stated that it was bound by its decision in Nix and accordingly concluded "that resisting an officer with violence constitutes a violent felony within the meaning of the residual clause of the ACCA." Id. at 859.

argued that Brown did not qualify as a career offender based on this charge:

> Mr. Brown provided the United States Probation Office and United States Attorney, Jim Preston, with a transcript of the sentencing hearing for the state resisting case several months ago. The officer involved in the case, Keith Stubbs, testified on BEHALF of Mr. Brown, indicating that jail time was not a reasonable sentence and that Mr. Brown had been intoxicated at the time of the arrest. There is no mention in the transcript of Mr. Brown ever physically attacking or using force against Officer Stubbs. It appeared to be an incident where MR. Brown was intoxicated at a club, and Officer Stubbs was responsible for removing him.

(Id. at 2) (emphasis in original). Again, Ms. Guzman pointed to the evolving case law in support of her argument. (See Id.).

In light of the preceding, this Court finds that there is nothing in the record to support Brown's claim that Ms. Guzman represented to him that "by pleading guilty and waiting on Johnson, that [he] could not be sentenced as a Career Offender." (CR Doc. # 7 at 2). To the contrary, the record reflects Ms. Guzman's appreciation of the law and facts as they applied to Brown's case. Therefore, the Court finds that Brown's guilty plea was entered knowingly and voluntarily, and not with ineffective assistance of counsel.

## II. Ineffective Assistance of Counsel at the Plea and Sentencing Proceedings

Brown also challenges his sentence based on ineffective assistance of counsel during the plea and sentencing proceedings of his case. Brown argues that "counsel [Ms. Guzman] was ineffective by failing to investigate the applicable fact and law involved regarding the substituted predicate offenses, and further b[y] failing to properly object thereto, under the guidelines." (Doc. # 2 at 11). Specifically, Brown contends that the "offense of 'resisting an officer with violenc[e]' does not appea[r] in the PSR, and no criminal history points [could be] assessed, [therefore] this prior conviction cannot serve as a predicate offense," and that Ms. Guzman was ineffective for failing to raise this argument. (Id. at 15).

To prevail on a claim of ineffective assistance of trial or appellate counsel, a defendant must meet the two-part Strickland test. This test requires a defendant to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, if a claim fails to satisfy the prejudice component, the court

19

need not make a ruling on the performance component. Id. at 697.

Here, Ms. Guzman represented to this Court at sentencing that "at the time that [Brown] entered into the plea agreement, uh, we were not aware of the prior battery and resisting arrest offense in Orange County," because it had not initially appeared in the PSR. (CR Doc. # 154 at 24). Nevertheless, as detailed above, Ms. Guzman raised several challenges to Brown's designation as a career offender. Although she did not challenge the use of this conviction based on its initial absence from the PSR, counsel is not ineffective for failing to raise a meritless issue. Owen v. Sec'y for the Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009) (citing Ladd v. Jones, 864 F.2d 108, 110 (11th Cir. 1989)). Further, Brown was subsequently provided the unique opportunity to withdraw his guilty plea if he so chose.

Even assuming that Brown could find some support in the record for his claim, he has failed to demonstrate that he has suffered any prejudice. This Court is bound by the Eleventh Circuit's decision in Nix, 132 S.Ct. 258, holding that the Florida offense of resisting an officer with violence is a violent felony under a similar residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). In Nix, the

20

Eleventh Circuit adopted the holding of <u>United States v.</u> <u>Hayes</u>, 2010 WL 3489973, <u>opinion vacated on reh'g</u> by 409 F. App'x 277, 2010 WL 5122587 (11th Cir. Dec. 16, 2010). Accordingly, Brown's counsel was not ineffective at the plea and sentencing stages.

**III. <u>Ineffective Assistance of Counsel at the Appellate Stage</u>**

Finally, Brown argues that "counsel was ineffective during direct appeal by failing to argue that the prior [Fla. Stat. § 843.01] conviction used to trigger career offender treatment did not qualif[y] under U.S.S.G. § 4B1.2(c)(2)."[7] (Doc. # 1 at 7). The provision Brown points to, U.S.S.G. § 4B1.2(c)(2), defines the term "two prior felony convictions" for purposes of determining a defendant's career offender status. Brown further argues that appellate counsel should have argued that the sentencing guidelines were incorrectly applied to his case pursuant to 18 U.S.C. § 3742(a)(2).

---

[7] Brown's § 2255 Motion identifies Assistant Federal Public Defender Rosemary Cakmis as appellate counsel. (Doc. # 1 at 11). However, the Eleventh Circuit's opinion indicates that Brown was also represented by Ms. Guzman and Federal Defender Donna Lee Elm. <u>United States v. Brown</u>, 450 F. App'x 916, 916 (11th Cir. 2012), <u>cert. denied</u>, 133 S.Ct. 265 (U.S. 2012).

The Eleventh Circuit has set forth the applicable legal principles for reviewing a claim of ineffective assistance of appellate counsel.

> A defendant has a right to counsel to aid in the direct appeal of his or her criminal conviction. See Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). This right to counsel is violated when appellate counsel is ineffective. Id.; Alvord v. Wainwright, 725 F.2d 1282 (11th Cir. 1984). This Circuit has applied the Supreme Court's test for ineffective assistance at trial, see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to guide its analysis of ineffective assistance of appellate counsel claims. See Orazio v. Dugger, 876 F.2d 1508 (11th Cir. 1989). Therefore, [Petitioner] must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077 (1992).

Strickland held that in evaluating whether the appellate counsel's performance was deficient, counsel's performance must be evaluated for "reasonableness under prevailing professional norms." 466 U.S. at 688. Courts should presume effectiveness and should avoid second-guessing with the benefit of hindsight. Id. at 689. Further, counsel is not ineffective when she does not raise frivolous arguments on appeal. Jones v. Barnes, 463 U.S. 745 (1983); see also, United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992)

(attorney not ineffective for failing to argue a meritless issue).

As an initial matter, the Court notes that counsel did challenge the use of Brown's Fla. Stat. § 843.01 conviction as a predicate offense for his career offender status. (See CR Doc. # 184). Regardless of counsel's advocacy, however, Brown has failed to demonstrate that he suffered any prejudice. As noted above, this Court is bound by the Eleventh Circuit's decision in Nix. Therefore, Brown's Fla. Stat. § 843.01 conviction was correctly used as a predicate offense to his career offender status, and the sentencing guidelines were appropriately applied. In turn, Brown's appellate counsel was not ineffective.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Brown's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1; CR Doc. # 187) is **DENIED.**

(2)   The Clerk is directed to enter judgment against Brown and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

23

The Court declines to issue a certificate of appealability because Brown has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 1915(a)(3). Brown shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 8th day of September, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
Brown